No. 3388. BEATTIE *v.* LATIMER, April Term, 1894. This was a motion to reinstate an appeal dismissed by the clerk. It was refused May 29, 1894, by the following order

PER CURIAM. The fact in the case is not in dispute—that the return was not filed in the time required by Rule 1. There was some dispute about the parties making an "agreed case." It does not appear to the court that there was an agreed case. In fact, the appellant's counsel, with that commendable candor which his position at the bar would lead us to expect, admits that he did not so understand it. There could not be an agreed case except in writing. It has been decided long ago (*Talbird* v. *Whipper*, 31 S. C., 601,) that the agreed case must be in writing; and, unless it is, it could not be filed, as required by Code, § 345, subd. 5. As far back as *Tribble* v. *Poore* (May 14, 1888), 30 S. C., 97, this court decided what the return shall consist of, as required by Rule 2. Rule 2 requires that "when the appeal is from a judgment the return * * * shall consist of copies of the judgment roll, the notice of appeal and ex-

ceptions;'' and the case, as prepared for argument, is not a part of the return.

It was objected on the part of appellants that the affidavit filed with the clerk, upon which he acted, was sworn to before an attorney engaged in the cause, in violation of Rule 16 of this court; and it was urged that this invalidates the order entered dismissing the appeal. Rule 16 is as follows: "No affidavit will be considered by the court, which has been sworn to before an attorney engaged in the cause or matter, or before any party .interested therein.'' This rule is a very harsh rule. It has never been construed, and only once invoked, and then the moving party abandoned it. The court is not willing to extend its operation beyond its letter, and we do not think it can be applied here. The motion is in the nature of an appeal from the order entered by the clerk dismissing the appeal. Now, suppose this was an appeal from the Circuit Court. Would an objection like this be seriously entertained? In addition to this, Rule 1, which confers upon the clerk his authority to dismiss an appeal for failure of appellant to file his return, specifies that "* * * upon an affidavit" to the effect that the appellant had not filed his return, etc., the respondent may obtain from the clerk an order dismissing the appeal for want of prosecution. If he is satisfied by affidavit that the rule has not been complied with, he is bound, upon application, to dismiss the appeal. It is the judgment of the court, that the motion to reinstate the appeal be refused.

On hearing the motion to reinstate the appeal herein, dismissed by the clerk under Rules 1 and 2, after argument of counsel, it is ordered, that said motion be, and hereby is, refused. *Perry & Heyward* and *J. A. McCullough,* for the motion. *Cothran, Wells, Ansel & Cothran,* contra.